Williamson *v.* Steele.

WILLIAMSON *v.* STEELE.

GROWING CROP. *Purchaser. Judgment Creditor.* An instrument which conveys so much of the grantor's growing crop of cotton as will be sufficient to make two bales of lint cotton, each weighing not less than 500 pounds, the same to be gathered, prepared for market, and delivered by the grantor to the grantee by the first of the succeeding December, passes no title to any of the cotton as against a judgment creditor of the grantor who levies his execution on seed cotton in a pen, part of the crop, before the first of December, and the mere intention of the grantor, not communicated to the grantee or the creditor before the levy, to gin, bale and deliver the particular cotton to the grantee, will not change the result.

---

FROM GILES.

---

Appeal in error from the Circuit Court of Giles county. W. S. MCLEMORE, J.

W. H. MCCALLUM for Williamson.

JONES & STEELE for Steele.

COOPER, J., delivered the opinion of the court.

Action of replevin for two bales of cotton, brought by Williamson against the officer who had levied an execution in favor of Steele on the cotton. Steele was substituted as defendant in place of the officer. The case was tried by the judge, without a jury, who rendered judgment for the defendant, and the plaintiff appealed in error.

The cotton was raised by Hays and Puryear in 1879. On the 15th of November, 1879, the cotton

being then in a pen and unginned, it was levied on by a valid execution in favor of Steele against Hays and Puryear.

On the 17th of November, 1879, the writ of replevin was sued out. The plaintiff claims under a written instrument executed by Hayes and Puryear on the 4th of June, 1879, duly proved and registered on the 22d of July of that year. By this instrument the grantors say they "have this day bargained and sold and do hereby convey" to G. T. Williamson "so much of the cotton crop" now being raised on their farm, describing it, "as will be sufficient to make two bales of lint cotton, each weighing not less than five hundred pounds, the same to be gathered and prepared for market by us, and delivered to the said G. T. Williamson by the first day of December next." It is then recited that the conveyance is made in consideration that Williamson "has already and is in the future to furnish" the grantors with supplies to make the crop then growing, the supplies not to exceed seventy-five dollars. "Now, if we do not pay said Williamson for said supplies by the first of December, then said Williamson is to sell said cotton for the best price he can obtain, and out of the same pay first the expense of this trust, and next for said supplies, and the balance to us."

It was agreed by the parties that Hays and Puryear raised on the farm seven bales of cotton, five of which were prepared for market and sold by them without the knowledge of the plaintiff. There was left 3,220 pounds of seed cotton in a pen, being the

cotton levied on, and 300 pounds ungathered in the field.   The seed cotton in the pen would about make two bales of 500 pounds each, and Hays and Puryear intended to have it ginned, made into two bales, and delivered to Williamson, but they did not communicate this design to Williamson, or inform Steele thereof until after the levy.

The owner of a growing crop may make a valid conveyance of it in mortgage, which, if registered, will be good against creditors.    *Butler* v. *Hill,* 1 Baxter, 375.    A similar conveyance of a definite part of the crop would, no doubt, be equally valid *pro tanto.* The difficulty in this case is that the instrument relied on does not convey any particular or aliquot part of the crop, as one-half, one-fourth, or the like, nor even a specific portion, in pounds or bales, so designated as to pass, by the terms used, at once to the grantee.    *Thurman* v. *Jenkins,* 2 Baxter, 426.    It conveys, it is true, so much of the cotton crop as will make two bales of lint cotton, each weighing not less than five hundred pounds, but does not so specify the part intended to be conveyed as to pass the title. The rule of law requires such a description, either general or special, of the property sought to be mortgaged, as will enable any one to take the deed, and from its face to designate the property described.    *Overton* v. *Holinshade,* 5 Heis., 683.    This may be done where a definite although undivided share is conveyed, for the grantee takes title to the extent of the interest in every part of the property.    Nor would the rights of the grantee in such case be prejudiced by a

34—VOL. 3.

provision that the share was "to be gathered, prepared for market, and delivered" by the grantor to the grantee, for it would only amount to a stipulation for so much work on the crop, and the delivery would be of that to which the title had already passed. But where only a certain quantity of articles of the same character, such as cattle, grain in bulk, or a particular ·crop, is undertaken to be conveyed, no title can pass until the quantity is selected and set apart; until selection made, the whole property would be subject to ·execution by the grantor's creditors. For what is sold is not separated from that which is not sold, and the grantee has no title in any particular property for which he could bring an action. *Sugg* v. *Tillman*, 2 Swan, 208; *Farquharson* v. *McDonald*, 2 Heis., 404, 416. The grantee, under the deed before us, has no right to select any particular part of the cotton raised to the extent of the quantity necessary to make two bales, and assert title thereto as against the grantor's creditors acquiring liens on the crop. If he could do so as to the seed cotton levied on by the defendant, he could equally select his two bales from the five previously sold. His right would be ambulatory to suit his convenience or his caprice. The selection is left to the grantors by whom the prescribed quantity is to be "gathered, prepared for market, and delivered." It is the fact that no title passed, or could possibly pass, to any of the cotton until designated by the selection of the grantors, that gives the creditor the better right. The contract embodied in the instrument was legal, and a selection and setting apart

State *v.* Rose.

of the property for the grantee by the grantors, before levy, would have perfected the grantee's right in equity. *Langton* v. *Horton*, 1 Hare, 549; *Phelps* v. *Murray,* 2 Tenn. Ch., 750; *Grimes* v. *Rose,* 24 Mich., 416. The intention of the grantors to have the seed cotton, which was levied on, ginned, made into bales, and delivered, cannot supply to place of the act. The will is not equivalent to the deed, where the rights of third persons are concerned.

The judgment will be affirmed.